IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG M. GREER and KAREN R. GREER, Surviving Parents and Next of Kin of JERRY MICHAEL HARDY GREER, Deceased, <br>     Plaintiffs, <br><br> v. <br><br> MOTION WATER SPORTS, INC., RETAIL CONCEPTS INC., d/b/a Sun & Ski Sports, and KENT SPORTING GOODS COMPANY, INC., <br>     Defendants. | NO. 3:17-cv-01013 <br><br> JUDGE CAMPBELL |

## ORDER AND MEMORADUM OPINION

Pending before the Court is Retail Concepts, Inc., d/b/a Sun & Ski Sport ("Defendant"), Motion to Dismiss and Supporting Memorandum of Law. (Doc. Nos. 54, 55). Plaintiff filed a response in opposition (Doc. No. 56), and Defendant has replied. (Doc. No. 57). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege on July 10, 2016, Plaintiff Jerry Greer drowned while wearing a Liquid Force LF'N Z-Cardigan Comp Adult Life Vest ("Vest"). (Doc. No. 48, ¶ 11). The father of one of Jerry Greer's friends purchased the Vest, after seeing it placed next to Coast Guard approved life vests, from Defendant's retail store in Nashville, Tennessee. (*Id.* at ¶¶ 11-14). According to the Complaint, the father of Jerry Greer's friend purchased the Vest because it was much more expensive than the Coast Guard approved vests and believed it would keep his daughter afloat in the water. (*Id.*). On the date of the incident, Jerry Greer's friend brought the Vest on the boat outing and gave the Vest to Jerry Greer to put on around him. (*Id.* at ¶ 24). While tubing on the lake, the

1

tube turned over, and Jerry Greer fell into the water and drowned. (*Id.* at ¶¶ 27-29). Plaintiffs allege the Vest was insufficient to keep Jerry Greer afloat and was the proximate cause of Jerry Greer's death. (*Id.* at ¶34).

On November 3, 2017, Plaintiffs filed their First Amended Complaint against Defendants Motion Water Sports, Inc. and Kent Sporting Goods Company, Inc. alleging strict liability, negligent misrepresentation, and breach of implied warranty of fitness for a particular purpose. (Doc. No. 48, ¶¶ 36-59). Plaintiffs allege negligence against Defendant Retail Concepts, Inc. and recklessness against all Defendants. (*Id.* at ¶¶ 60-75). Defendant Retail Concepts, Inc. filed their Motion to Dismiss Amended Complaint on December 4, 2017. (Doc. No. 54).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id*. at 1.

**III. ANALYSIS**

Defendant argues the Tennessee Products Liability Act of 1978 ("TPLA") protects non-manufacturing sellers in product liability actions.[1] Specifically, Defendant argues it qualifies as a "seller" under the TPLA, and the TPLA prohibits product liability actions against a seller unless an exception applies. (Doc. No. 54). Accordingly, the Court begins with analysis of the language of the TPLA.

The TPLA defines a "seller" as, "a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption." Tenn. Code Ann. § 29-28-102(7). The TPLA "shields non-manufacturer sellers of products from liability" unless one of the five exceptions apply.[2] *Cone v. Hankook Tire Co., Ltd.*, 2016 WL 7383731 at *3 (W.D. Tenn. Dec. 20, 2016). A product liability action "includes all actions brought for or on account of . . . death . . . caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6). Actions brought under the theory of product liability, "includes but is not limited to, all actions based on .

---

[1] Codified at Tenn. Code. Ann. § 23-28-101, *et seq.*

[2] The five exceptions are:
> (1) The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;
> (2) Altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;
> (3) The seller gave an express warranty as defined by title 47, chapter 2;
> (4) The manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or
> (5) The manufacturer has been judicially declared insolvent.

Tenn. Code. Ann. § 29-28-106.

. . . negligence . . . or under any substantive legal theory in tort or contract whatsoever." *Id.* Plaintiffs allege Defendant is liable for negligence and recklessness. (Doc. No. 48, ¶¶ 60-75).

Based on the facts alleged in the First Amended Complaint, Defendant qualifies as a "seller" under the TPLA, and Plaintiff has not pleaded facts to satisfy any exception under Section 29-28-106.[3] (Doc. Nos. 48, 56). Instead, Plaintiffs argues their claims against Defendant do not qualify as a product liability action under the TPLA because Defendant engaged in negligent *merchandising*, not marketing. (Doc. No. 56 at 1-2) (emphasis added). Plaintiffs assert Defendant's negligent conduct in "the misleading manner in which it displayed competition vests with actual life vests" constitutes merchandising, and the TPLA does not apply. (*Id.* at 4, Doc. No. 48, ¶ 65). Plaintiffs' argue Defendant's merchandising, or conduct in the manner the Vests were displayed, was negligent, and the TPLA does not encompass Plaintiffs' claims under Tenn. Code Ann. § 29-28-102 (6). (Doc. No. 56 at 2).

To support their argument, Plaintiffs look to the Magistrate Judge's recommendation in *Graves ex rel v. Qualitest Pharms.,* 2013 WL 3198165 at *5 (W.D. Tenn. Jun. 21, 2013), in which a plaintiff sued individual pharmacists for damages from the purchase of a recalled oral contraceptive.[4] The Magistrate Judge concluded Tenn. Code Ann. § 29-28-106 did not apply because the plaintiff's claim against the pharmacists was for simple common law negligence instead of a product liability claim. *Graves*, 2013 WL 3198165 at *7. The Magistrate Judge noted the plaintiff's claim against the pharmacists was not in regard to the defective product, but rather

---

[3] Plaintiffs do not address the exceptions or negate that Defendant is a seller under the TPLA in their Response. Instead, Plaintiffs seek to extricate their claims against Defendant from the scope of the TPLA.

[4] The parties asked the Magistrate Judge to determine whether the individual pharmacists were fraudulent joined in the action.

4

the allegation that the pharmacists' conduct was negligent in failing to contact the plaintiff. *Id.* Therefore, the TPLA did not bar the negligence claim against the pharmacists. *Id.*

However, as Defendant correctly observes, the district court adopted the Magistrate Judge's ruling in *Graves*, but did not adopt the Magistrate Judge's reasoning. (Doc. No. 57 at 4). The district court examined Tenn. Code Ann. § 29-28-106, and considered whether the statute shields pharmacists from liability. *Id.* at *2. The court noticed the pre-October 2011 version of the statute could apply, depending on the date of plaintiff's conception, and inquired into which statute the court should apply.[5] Because neither the plaintiff nor pharmacists provided the district court with any evidence as to whether the prior or current statute applied, the court could not conclude that the pharmacists were not liable under Section 29-28-106. *Id.* at *4. Defendant argues the district court in *Graves* concluded retailers under the current statute are not liable for their negligent conduct, therefore they cannot be liable for their alleged negligent conduct in displaying the Vests next to Coast Guard approved life vests. (Doc. No. 57 at 4)

Plaintiffs also rely on *Jackson v. Ford Motor Co.*, 2016 WL 270485 (W.D. Tenn. Jan. 21, 2016), in which the district court dismissed two defendants under Tenn. Code Ann. § 29-28-106.[6] Plaintiffs assert the district court's analysis in *Jackson* supports their position that the TPLA is not the exclusive remedy against a retailer for negligent conduct. (Doc. No. 56 at 7-8). In *Jackson*, a car dealership sold a car to the plaintiff and later performed maintenance and inspection services

---

[5] Before October 2011, Tenn. Code. Ann. § 29-28-106 extended liability to some sellers and retailers who had a reasonable opportunity to inspect products in a manner which would or should, in the exercise of reasonable case, reveal a defective condition. *Graves*, 2013 WL 3198165 at *3. The Tennessee General Assembly removed this liability from the statute through an amendment that became effective in October 2011. *Id.*

[6] The parties tasked the district court with determining whether the two of the defendants were improperly joined. *Jackson*, 2016 WL 270485 at *1

on the car. *Jackson*, 2016 WL 270485 at *1. The car was involved in an accident, and the plaintiff sued Gold Circle and Steve Marsh Ford, Inc. ("SMF").[7] *Id.* The district court found the first nine counts fell under the scope of Tenn. Code Ann. § 29-28-102(6), and plaintiff could not maintain these claims against Gold Circle and SMF because they were non-manufacturer sellers. *Id.* at *2. As for count ten, plaintiff alleged "Gold Circle and SMF were negligent in failing to 'properly diagnose and repair the defects in [the deceased]'s 2012 Ford Focus' and 'failing to warn [the deceased] that the defects existed and had not been repaired'" *Id.* at *3 (citing plaintiff's complaint). However, Gold Circle and SMF did not service the system that caused the accident, and the district court determined they were not liable under Tennessee law for negligent repair. *Id.* Here, Plaintiffs argue that had Gold Circle and SMF done repairs on the defective system that caused the accident, the district court would have treated their negligent failure to diagnose and repair defects as outside the scope of the TPLA. (Doc. No. 56 at 7).

Defendant responds by citing a Sixth Circuit case that found, "[t]he TPLA governs all of the plaintiffs' claims because the claims were brought for or on account of personal injury resulting from the design, warning, instruction, marketing, packaging, and labeling of metoclopramide." *Strayhorn v. Wyeth Pharma., Inc.*, 737 F.3d 378, 392 (6th Cir. 2013); (Doc. No. 55 at 7). In *Strayhorn*, plaintiffs asserted common law tort claims against brand-name and generic pharmaceutical manufacturers, including negligence. *Id.* Both the trial court and the Sixth Circuit dismissed all claims against the brand-name defendants because they were not manufacturers of the specifics products involved. *Id.* at 407. Like the present case, Defendant argues Plaintiffs

---

[7] Decedent purchased the car from Gold Circle and had the car serviced at both Golden Circle and SMF. *Jackson*, 2016 WL 270485 at *1

cannot "dress up a relatively simple failure-to-warn claim in a great variety of tort and contract causes of action." (Doc. No. 55 at 7) (citing *Strayhorn*, 737 F.3d at 407)).

Because Plaintiffs attempt to distinguish merchandising from marketing, the Court must apply a reasonable interpretation of Tenn. Code Ann. § 29-28-102(6) to determine if "marketing" encompassed "merchandising" at the time that provision was entered. In the absence of case law interpreting the term "marketing" under the TPLA, the Court looks to other sources to provide a reasonable interpretation. Black's Law Dictionary defines marketing as:

> 1. The act or process of promoting and *selling*, leasing, or licensing products or services. 2. The part of a business concerned with meeting customers' needs. 3. The area of study concerned with the *promotion and selling of products or services*.

BLACK'S LAW DICTIONARY (9th ed. 2009) (emphasis added). Webster's Dictionary defines marketing as:

> a: the act or process of *selling* or purchasing in a market b: the process or technique of *promoting, selling, and distributing a product or service*.

MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003) (emphasis added).

Plaintiffs' First Amended Complaint alleges "[b]y [Defendant] displaying the [Vest] for ***sale*** to the general public adjacent to, alongside, and with Coast Guard approved life vests, Defendant Retail Concepts made it appear to the general public that the [Vest] was a Coast Guard approved life vest, and/or was designed to keep an incapacitated person afloat." (Doc. No. 48, ¶ 65) (emphasis added). Simply put, Plaintiffs allege the manner the Defendant chose to display the Vest for sale was negligent. While the Plaintiffs attempt to separate the manner of the display from the actual sale, even according the Plaintiffs' allegations the display was a process to promote the sale of the Vest, thus Defendant's display constituted "the business of *selling* a product."[8] (emphasis

---

[8] Definition of "seller" under the TPLA. Tenn. Code Ann. § 29-28-102(7); s*ee also Jackson v. Ford Motor Co.*, 2016 WL 270485 (W.D. Tenn. Jan. 21, 2016).

7

added). Accordingly, the Court determines Defendant's display of the Vest constitutes "marketing" under Section 29-28-102(6).[9]

Plaintiffs' product liability action against Defendant is based on negligence and recklessness, and the statute addresses these claims through the provision that includes, "any other substantive legal theory in tort or contract whatsoever." *Id.* Because Plaintiffs do not dispute Defendant is a "seller" under Section 29-28-102(7), Plaintiffs claims fall under the TPLA and cannot be maintained against Defendant. *See* Tenn. Code Ann. § 29-28-106.

Accordingly, Counts V and VI of Plaintiffs' First Amended Complaint seek damages from a non-manufacturing seller arising from the sale of a product and thus fail to state claims against Retail Concepts Inc., d/b/a Sun & Ski Sports for which relief can be granted. The Court **GRANTS** Defendant's Motion to Dismiss and Defendant Retail Concepts, Inc., d/b/a Sun & Ski Sports is hereby **DISMISSED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[9] While not part of the pleadings, the Court recognizes both parties rely for persuasive effect on a "bizfluent" article that describes the difference between marketing and merchandising. As Defendant points out, that article states "merchandising is a subset of marketing." (Doc. No. 56-1).